HAWKINSVILLE AND FLORIDA SOUTHERN RAILWAY COMPANY v.
LIVINGSTON et al., for use, etc.

BECK, J.  By express stipulation in the contract, the breach of which
is the basis of this action, it is provided that "the party of the sec-
ond part [the defendant company] will place to and switch from said
compress such through cotton from Southern Railway and Wrightsville
and Tennille Railway local stations as party of the first part [the
plaintiff] may secure for compression, charging therefor for switching
service the same per car as obtains at Cordele, Americus, and Albany,
Ga." This portion of the contract is unambiguous; and as the petition
failed to allege that there were no charges, or there were less charges,
for switching services like those rendered by the defendant company,
at Cordele, Americus, and Albany, it does not set forth a cause of
action. A mere averment that the compresses at the points named paid
nothing for switching does not cover the defect pointed out.

*Judgment reversed.  All the Justices concur.*

Argued April 9, 1908.—Decided February 26, 1909.

Action for breach of contract.  Before Judge Martin.  Pulaski
superior court.  January 4, 1908.

Suit was brought by Livingston and Stallings, for the use of
the Hawkinsville Compress Company, against the Hawkinsville and
Florida Southern Railway Company, on a contract by which the
plaintiffs agreed to furnish the right of way for railroad tracks
from the line of the railway company into the land of a cotton-
compress company to be incorporated and organized, to route their
machinery, supplies, and fuel over the line of the railway com-
pany, and to use their influence in favor of the railway company
as to shipments of cotton; in consideration of which agreement the
railway company agreed to "place to and switch from said com-
press such through cotton from Southern Railway and Wrightsville
and Tennille Railway local stations as [plaintiffs] may secure for
compression, charging therefor for switching service the same per
car as obtains at Cordele, Americus, and Albany, Ga." The plain-
tiffs alleged, that they had faithfully complied with their under-
takings; that the compresses at Cordele, Americus, and Albany,
Ga., pay nothing for such switching service on cotton secured for
compression at said points; that when cotton was secured from
the Southern and Wrightsville & Tennille Railways for compres-
sion, and the defendant was notified that such cotton was held, and
urged to place it at the plaintiffs' compress in terms of the contract,
the defendant failed and refused to haul said cotton to and from

said compress, but by such refusal forced plaintiffs, over their protest, to pay the Southern and W. & T. Railway Companies for switching service on said cotton, in order to secure it for compression, one dollar per car in and two dollars per car out, when the defendant was bound by the contract to place to and switch from the compress said cotton without switching charges; and that it thus damaged the plaintiffs $444, which had been demanded, etc.

The defendant demurred on the grounds, that no cause of action is set forth; that it is not alleged that the railroads charge nothing for such switching service at Cordele, Americus, and Albany, Ga.; and that it is not stated in what manner the plaintiffs were forced to pay the other railways for switching cotton, nor wherein defendant is liable for the payment of the same to the other railways, nor does the contract show that defendant was bound to place said cotton at the compress and to switch it therefrom. By amendment the plaintiffs alleged, that the railroads at Cordele, Americus, and Albany, Ga., do not charge the compresses at those places anything for switching services on cotton secured by said compresses for compression; and that nothing is charged the compresses, at the places named, for switching services on cotton secured by them for compression. This was allowed over objection that it was not germane, and that it set up matters that were immaterial to the contract sued on. By further amendment it was alleged, that the Hawkinsville Compress Company is by the contract located exclusively on the tracks of the defendant, and all cotton obtained by said compress from points on the Southern and W. & T. Railways for compression reaches said compress by switching service performed for said railways by the defendant; and that it was agreed and well understood by the parties to the contract that all charges for switching services just referred to were to be protected by the defendant, that the compress company was not to be charged one cent for such service, but that the defendant was to protect that company from such charges. This amendment was allowed over objection that it sought to vary the terms of an unambiguous contract; and the demurrer was overruled. The defendant excepted to the foregoing rulings, and to the refusal of a new trial after verdict.

*W. L. & Warren Grice,* for plaintiff in error.

*Howard E. Coates* and *John P. Ross,* contra.